LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. Dionte Williams was convicted in the Circuit Court of Lauderdale County of burglary of a dwelling and armed robbeiy. He was sentenced to serve ten years on each count in the custody of the Mississippi Department of Corrections, with the sentences to run concurrently with each other and consecutively to any other sentence he was currently serving.
 

 ¶ 2. Williams filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. His motion was denied. Williams now appeals, asserting that the trial court erred in failing to grant his motion for a new trial as the verdict was against the overwhelming weight of the evidence. Finding no error, we affirm Williams’s convictions and sentences.
 

 FACTS
 

 ¶ 3. Two men broke into Betty Evans’s home in Meridian, Mississippi. After discovering that she was inside the house, the men came toward her. One of the men was holding a knife. The men’s faces were partially covered with bandanas. She pulled out a gun, and the men left through a window. At trial, Evans’s sister testified that she came to visit Evans around this same time. She saw someone climbing out of a window, but she could not identify the person.
 

 ¶ 4. When the police arrived, Evans indicated that she recognized both of the perpetrators. Evans identified the perpetrators as her next-door neighbor’s grandsons. In her statement to the police, she stated that one perpetrator’s name was Donovan Evans (no relation to the victim). The police apprehended Donovan. Donovan told the police that Williams was with him in Evans’s house. Williams was later arrested.
 

 STANDARD OF REVIEW
 

 ¶ 5. ‘When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 886, 844(¶ 18) (Miss.2005). When reviewing the weight of the evidence, this Court sits as a thirteenth juror.
 
 Id.
 

 DISCUSSION
 

 ¶ 6. Williams argues that the verdict was against the overwhelming weight of the evidence because the only evidence of his guilt was Evans’s “flawed eyewitness testimony.” Williams argues that: (1) Evans failed to immediately identify him in the courtroom; (2) she did not give a description of him to the police; (8) she was not shown a photographic lineup; (4) she inaccurately described his hairstyle; and (5) she gave inconsistent statements regarding what she was doing on the morning of the break-in.
 

 ¶ 7. Williams argues that Evans’s testimony regarding his identity was suspect because she did not immediately identify his presence in the courtroom. The following exchange took place between the prosecutor and Evans:
 

 Q: Do you see [Williams] here today?
 

 A: Where would he be sitting, the defendant?
 

 Q: You just have to look for him. I’m not going to show him to you.
 

 
 *172
 
 A: Oh, okay. It’s been five years. There’s him over there. That’s him. He done grew up a little bit. That’s him.
 

 Q: And is he sitting right behind this monitor that is here?
 

 A: Let me stand up. That’s him.
 

 ¶ 8. Evans testified that Williams was the person she saw in her house holding a knife. She further testified that she saw Williams almost daily in front of his grandmother’s house. She stated that she was “absolutely positive” that she recognized Williams as one of the men who broke into her house. She testified that despite the men wearing bandanas, she still recognized their eyes and hair. Regarding Williams’s hairstyle, Evans stated, “he maybe done cut his hair off, he’s not wearing his hair the same way, but I know his face.”
 

 ¶ 9. Williams argues that the testimony first showed that Evans was asleep and awoke to find the men inside her house, and later the testimony showed that she came home to find them in her house. We cannot find an inconsistency in Evans’s testimony. Evans consistently testified that she was asleep on the morning of the break-in and that she woke up to find two men inside her house. The statement that she came home to find the men inside her house was from the testimony of a detective. Regardless of whether the jury believed that she was asleep or that she came home to find the men inside her house, Evans consistently testified that Williams broke into her house and came toward her with a knife.
 

 ¶ 10. Sitting as a thirteenth juror, we find that the verdict was not so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Therefore, we find that Williams’s argument is without merit and affirm his convictions and sentences.
 

 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCE OF TEN YEARS AND COUNT II, ARMED ROBBERY, AND SENTENCE OF TEN YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE SENTENCES TO RUN CONCURRENTLY WITH EACH OTHER AND CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.